UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

ANDRE FULLER,

Plaintiff,

-against-

WARDEN SHAW of G.R.V.C. in his official capacity,
T.S.O./G.R.V.C./E.R.U., or JOHN DOE, or JOHN DOE in
his official capacity

Defendants.

------------------------------------------------------------------------- x

**ANSWER TO AMENDED
COMPLAINT**

<u>Jury Trial Demanded</u>

07 CV 5817 (LAK) (RLE)

Defendant WARDEN SHAW, for his answer to the amended complaint, respectfully alleges, upon information and belief, as follows:[1]

1.    Denies the allegations set forth in paragraph "I" of the prisoner form amended complaint including all subparagraphs, except admits that plaintiff purports to name the parties to the action therein.

2.    Denies the allegations set forth in paragraph "II" the Statement of Claim Section of the prisoner form amended complaint, including all subparagraphs, except admits that on December 11, 12, 13, 2006 plaintiff was incarcerated on Rikers Island.[2]

3.    Denies the allegations set forth in paragraph "II.D" of the Statement of Facts Section, designated by plaintiff as "Phase I: Placement in Gang Unit," annexed to the

---

[1] A check of the docket sheet indicates that the defendant identified as "T.S.O./G.R.V.C./E.R.U" has not been served with a copy of the amended summons and complaint nor has it requested representation from this Office. Upon information and belief the defendant identified as "T.S.O./G.R.V.C./E.R.U" is not a suable entity, and accordingly, should be dismissed from this action.

[2] Plaintiff has attached a one page handwritten statement to paragraph II, subparagraph D. For purposes of clarity, defendant responds to the allegations contained in this handwritten statement in paragraphs 3 through 6 below.

prisoner form amended complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's movement and housing.

   4.  Denies the allegations set forth in paragraph "II.D" of the Statement of Facts Section, designated by plaintiff as "Phase IV: Conditions of Confinement," annexed to the prisoner form amended complaint.

   5.  Denies the allegations set forth in paragraph "II.D" of the Statement of Facts Section, designated by plaintiff as "Phase III: Treatment by Correctional Officers in Unit and Conditions of Confinement," annexed to the prisoner form amended complaint.

   6.  Denies the allegations set forth in paragraph "II.D" of the Statement of Facts Section, designated by plaintiff as "Phase II: Failure to Protect," annexed to the prisoner form amended complaint.

   7.  Denies the allegations set forth in Paragraph "III" of the prisoner form amended complaint, except admits that plaintiff purports to have sustained the injuries as stated herein.

   8.  Denies the allegations set forth in Paragraph "IV" of the prisoner form amended complaint including all subparagraphs, except admits that there is a grievance procedure at Rikers Island and respectfully refers the Court to plaintiff's purported attachments for a true and accurate statement of their contents.

   9.  Denies the allegations set forth in Paragraph "V" the prisoner form amended complaint, designated by plaintiff as "Relief Sought," which is annexed to the prisoner form amended complaint, except admits that plaintiff purports to proceed and seek relief as stated therein.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "VI" of the prisoner form amended complaint including all subparagraphs.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

11.     The amended complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

12.     Defendant Shaw has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

8.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of others or third parties, and was not the proximate result of any act of defendant Shaw.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

9.     Plaintiff has failed to comply, in whole or in part, with conditions precedent to suit.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

10.     Plaintiff provoked any incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

11.     Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a).

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

12.    Plaintiff's claim for money damages may be barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(e).

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

13.    Defendant Shaw has not violated any clearly established Constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

14.    The actions by any correction officers involved were justified by probable cause and/or reasonable suspicion.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

15.    Defendant Shaw had no personal involvement in the allegations alleged in the complaint.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

16.    Plaintiff's claims may be barred in part by the applicable period of limitations.

**WHEREFORE,** defendant Warden Shaw requests judgment dismissing the prisoner form amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            March 14, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendant Warden Shaw
100 Church Street, Rm. 3-219
New York, New York 10007
(212) 788-1276

By:    _____
       Caryn Rosencrantz (CR 3477)
       Assistant Corporation Counsel
       Special Federal Litigation

To:    Andre Fuller (#07-A-3236)
       *Pro Se* Plaintiff
       Fishkill Correctional Facility
       Box 1245
       Beacon, New York 12508
       (By First Class Mail)

- 5 -

07 CV 5817 (LAK) (RLE)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE FULLER,

                          Plaintiff,

           -against-

WARDEN SHAW of G.R.V.C. in his official
capacity, T.S.O./G.R.V.C./E.R.U., or JOHN DOE,
or JOHN DOE in his official capacity

                        Defendants.

## ANSWER TO AMENDED COMPLAINT

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendant Warden Shaw*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Caryn Rosencrantz*
*Tel: (212) 442-8600*
*NYCLIS No. 2007-040391*

*Due and timely service is hereby admitted.*

*New York, N.Y.* .............................................. *, 200......*

............................................................................ *Esq.*

*Attorney for* ................................................................

PRO SE OFFICE ᵒᴵ⁰·

U.S. DISTRICT COURT
FILED
AUG 16 2007
P.O. OF N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Andre Fuller #24105 16412 N.Y.S.I.D.#45651932
New # 07A3236

_____

(In the space above enter the full name(s) of the plaintiff(s).)

v.

WARDEN SHAW G.R.V.C
OFFICIAL CAPACITY
G.R.V.T.S.O/G.R.V.C/ DEC 11, 12+13, 2006
or      or
John Doe    JOHN DOE   INDIVIDUAL CAPACITY

_____
_____
_____
_____
_____

(In the space above enter the full name(s) of the defendant(s). If
you cannot fit the names of all of the defendants in the space
provided, please write "see attached" in the space above and attach
an additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. No addresses should be included here.)

AMENDED
COMPLAINT
under the
Civil Rights Act, 42 U.S.C. § 1983

                                    DAB
07 Civ. 5817 (KMW)
Jury Trial: Yes ___ No ✓
                (check one)

## I.    Parties in this complaint:

A.    List your name, identification number, and the name and address of your current place of
confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper
as necessary.

Plaintiff    Name ANDRE FULLER
             ID # 24105 16412 / 07A3236
             Current Institution DOWNSTATE CORR. Facility
             Address      BOX F
                  RED SCHOOL HOUSE ROAD
                  FISHKILL N.Y. 12524-0445
B.    List all defendants' names, positions, places of employment, and the address where each defendant
may be served. Make sure that the defendant(s) listed below are identical to those contained in the

1

above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name SHAW (WARDEN)_____ Shield #_____
                   Where Currently Employed G.R.V.C_____
                   Address 09-09 HAZEN ST. E.ElmHurst N.Y. 1137

Defendant No. 2    Name A.m.K.C (C-95)_____ Shield #_____
                   Where Currently Employed A.m.K.C_____
                   Address 18-18 HAZEN ST E.ElmHurst N.Y 1137,

Defendant No. 3    Name E.S.U_____ Shield #_____
                   Where Currently Employed RIKER'S ISLAND
                   Address _____

Defendant No. 4    Name _____ Shield #_____
                   Where Currently Employed _____
                   Address _____

Defendant No. 5    Name _____ Shield #_____
                   Where Currently Employed _____
                   Address _____

## II.    Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur? G.R.V.C
09-09 HAZEN ST E.ElmHurst N.Y. 11370

B.    Where in the institution did the events giving rise to your claim(s) occur? G.R.V.C
13, BLOCK ANNEX B-Side 09-09 HAZEN ST E.
ElmHurst N.Y. 11370

C.    What date and approximate time did the events giving rise to your claim(s) occur? DECEMBER
11, 12 + 13 Approx 6.30

2

D.    Facts: _____

| What happened to you? |
| :--- |

PLEASE SEE STATEMENT OS
Sacts  ATTACHED

| Who did what? |
| :--- |

| Was anyone else involved? |
| :--- |

| Who else saw what happened? |
| :--- |

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. MENTAL STRESS, PHYSICAL STRESS, FEAR FOR LIFE, EMOTIONAL distress, ExtreME AND outrageous conduct + INtent to Cause SEVERAL EmotioNAL distress, Causal Connection between conduct AND INJury + SEVERAL Slash backs, + SEVERE EmotioNAL distress, INJury to herNAted disc

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?
Yes ✓  No ____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). G.R.V.C (THE BEACON) 09-09 HAZEN ST. E. ELMHURST N.Y. 11370

B.     Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ✓    No ____    Do Not Know ____

C.     Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____    No ✓    Do Not Know ____

If YES, which claim(s)? _____

D.     Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose not cover some of your claim(s)?

Yes ✓    No ____    Do Not Know ____

If YES, which claim(s)? _____

E.     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ✓    No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____    No ____

F.     If you did file a grievance, about the events described in this complaint, where did you file the grievance? G.R.V.C 09-09 HAZEN ST E. ELMHURST N.Y 11370

1.     Which claim(s) in this complaint did you grieve? BEING PLACED iN 13, BloCK B-SidE

2.     What was the result, if any? SEE GRievANCE AttACHED

3.     What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. GrievANCE, DEPTS + CAPTS

_____
_____
_____
_____

G.     If you did not file a grievance, did you inform any officials of your claim(s)?

Yes ___✓__ No _____

1.   If YES, whom did you inform and when did you inform them? CAPTS,
DEPTS + WARDEN the SAME day
_____

2.   If NO, why not? _____
_____
_____
_____

I.   Please set forth any additional information that is relevant to the exhaustion of your administrative
remedies. _____SPECIAL LITIGATION SECTION
_____CIVIL RIGHts DIVISION
_____U.S. DEPARTMENT OF JUStiCE
_____P.O. BOX 66400
_____WASHiNGTON D C. 20035 - 6400
_____EXHibit

Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your
administrative remedies.

## V.   Relief:

State what you want the court to do for you. _____
_____

SEE RELIEF SOUGHt

AttAcHEd

_____
_____
_____
_____
_____
_____
_____

## VI.   Previous lawsuits:

On these claims

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this
action?
      Yes_____ No _____

B.   If your answer to A is YES, describe each lawsuit in questions 1 through 7 on the next page.  (If

5

there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

    1.     Parties to this previous lawsuit:

Plaintiff _____ N/A _____

Defendants _____ N/A _____

    2.     Court (if federal court, name the district; if state court, name the county) __ N/A __

    3.     Docket or Index number _____ N/A _____

    4.     Name of Judge assigned to your case ____ N/A ____

    5.     Approximate date of filing lawsuit ____ N/A ____

    6.     Is the case still pending?  Yes ____  No ✓

If NO, give the approximate date of disposition _____ N/A _____

    7.     What was the result of the case? (for example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) ____ N/A ____

_____

_____

**On other claims**

D.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment? Yes ____   No ✓

E.    If your answer to D is YES, describe each lawsuit in questions 1 through 7 on the next page. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

    1.     Parties to this previous lawsuit:

Plaintiff _____ N/A _____

Defendants _____ N/A _____

    2.     Court (if federal court, name the district; if state court, name the county) __ N/A __

    3.     Docket or Index number ____ N/A ____

    4.     Name of Judge assigned to your case ____ N/A ____

    5.     Approximate date of filing lawsuit: ____ N/A ____

    6.     Is the case still pending?   Yes ____  No ✓

If NO, give the approximate date of disposition _____ N/A _____

    7.     What was the result of the case? (for example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) ____ N/A ____

_____

_____

Signed this 5 day of July , 2007 I declare under penalty of perjury that the foregoing is true and correct.

Signature of Plaintiff   *Andre Fuller*
Inmate Number      07A3236
Mailing address     DOWNSTATE CORR FACility
                    BOX F
                    REd SCHOOL HOUSE ROAd
                    FISHKILL N.Y. 12524

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 5 day of July , 2007 I will deliver this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: *Andre Fuller*

rev. 09/04

Phase : i ( Placement in gang Unit )

ON OR ABOUT DECEMBER 2005 OR The End of November of 2005, I Andre Fuller #
BID# 4565193Z - ID # 2410516412 was transfered from V.C.B.C. ( BRONX BOAT ) TO G.R.V.C. RIKE
ISL. and placed in housing unit 8A For about 3 months after that my classification w
down then I was transferred to 10B, from Housing unit 10B I went to 7A, from 7A,
that alot of my rights were being violated because I was now placed in protective c
tody gang related ( CRIP-HOUSE ) and which there was no movement with regular po
ulation. Also other inmates I.D. cards ( Gang Memembers ) in 13B were stamped ( S.R
I then found out that I was being isolated From all normal activities and movemen
Also on my court apperence dates. In intake I was now being placed in holding ce
with all gang ( CRIP MEMBERS ) just to wait to be handcuffed to go to criminal court.
while being in this cell I was now being called and labeled as a crip and that i
I ever got caught anywhere that bodily harm would be done to me by other gang
related members ( Example : Bloods, Patria, D.D.P., Latin Kings ) other gangs in 13B, G

Phase : IV ( Conditions of Confinement )

Upon informing Grievance of this matter and higher staff ( C.O's, Capt's, Dep's ) etc. ( See    ( My cell being tossed and damage to my personal property
attached ) ( Responce from the Comptroller's office ). I was told that I couldn't be mov
to another house because I was labeled as a Crip gang member. Upon doing this other
gang activities that arose in 13B such as picking on other inmates to beat up on, so
they could be moved out so that other crip members could be transfered in ther
place. Also I could not even get to sick call or any of my call outs because the
I.O's were not putting me down for sick call when I asked to go. And because the
crips would gang up and would start fights with other gang members in sick call ( Th
Clinic ). So all other inmates were neglected to go down to sick call because of this.
Please be advised that there are numerous reports in D.O.C.S. Log books to
support this matter at hand ( Main Log books and Clinic Log Books ).

Phase : III ( Treatment by correctional officers in Unit ) & ( Conditions of Confinement )

In harms way while housing in 13B on December, 11, 12, 13, of 2006, the Crip member
started Rioting on 13B, T.S.O., E.S.U.. This is logged in the books ( Main and
13B Logs ). In 2005 of November I was treated for a herniated disc which re-
ocurred after being struck and poked with sticks by ( E.S.U. ). I tryed to soug
medical attention but was denied as I mentioned in the medical phase . I wa
placed as a gang related member in my cell and locked down for 3 days ( Dec. 11
12, 13 of 2006 ) I did not receive a shower, recreation, law library and phone
calls. I was also being feed in my cell with unsafe food ( found spit and bugs
in my food ) And also could no recieve any visits from my family. I was told this
is what I get for being a gang related member. I was told this by C.O's and Captains
the riot that took place December 11, 12, 13 of 2006 there are over 20 people who
recieved new charges concerning this matter ( see intake Log books ( Main )) Being placed
in 13B, for so long I felt that the whole G.R.V.C. is now a treath and now I feel
that they are going to place me somewhere in G.R.V.C. that's the same as 13B
- worse and treathing to my well being.

Phase : II ( Failure to protect )

- had no protection From the officer on duty ( B-Man ) because ever time some-
ning happened in 13B the officer ( B-Man ) would run for cover to the bubble
ith the ( A-Man ) so I was dependent on my own to tay

# RELIEF SOUGHT

UNDER TORTS OF DAMAGES FOR tHE Sum OF 10 million dollars to bE Award to MR. ANDRE FULLER, Along With compensatory damages + punitive damages OF MENTAL STRESS, PHYSICAL STRESS, EmotionAL STRESS, Emotional distress EXTREME And outrageous conduct + intent to cause several emotional distress, I ALSO request compensation for abuse of Authority IN competency, FAiLure and or Neglect in the performance of duties, Abuse of Authority, HARASSMENT, utilizing disciplinary measure For retaliation And revenge Assaut, Misconduct, using RACiAL And biased Remarks As far as being Searched in the future. I would Like to Request not to be Picked on during Searches Such As throwing MY PERSONAL PROPERTY Around or being Moved From House to House And last but not least for REINJuring my HERNiAted disc.

CITY OF NEW YORK – DEPARTMENT OF CORRECTION
INMATE GRIEVANCE FORM 7101

Facility GRVC    Grievance No. Y-007/07    Date 1/8/07

Name Fuller Andre    No. 241-05-16412    Housing Unit 13B

Please describe problem as briefly as possible (Please print or type). Inmate states as a result of an Institutional Search on 1/7/07, his personal property was destroyed.

Action requested by inmate: To be awarded the sum of $350.00-

Advisor/Interpreter requested: _____ Yes    ✓ No    Who
Have you filed this grievance with any other agency or court? _____ Yes    ✓ No
Or with the Inspector General's Office? _____ Yes    ✓ No

Grievant's Signature X

Grievance Aide

The IGRC proposes to informally resolve your grievance as follows: The igrc advises you of your right to file a claim with the NYC Comptroller's office for lost/damaged property.

ALR-(M)

Representative Signatures

This informal resolution is accepted:
    Grievant's Signature

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee.
I request a hearing of my grievance by the IGRC _____ Yes    _____ No

P.S. NOTE TO DISTRICT COURT-
ON JANUARY 19, OF 2007, EVERYbody
in 13, Block B-side WAS moved to
17, Block SEE Log book on this day
Concerning this matter And PLEASE
SEE G.O. Log book, INTAKE Log book, in
13, BLock Log book B-side CONCERNING
ALL other matter.


                    THANK YOU
                    mr. andre Fuller

ON THE DETAINEE.

DETAINEE'S behavior in the Department of Corrections is governed by Corrections law 10B, Minimum standards for New York City Correctional Facilities, and Title 9 NYCRR subtitle AA, State Commission of Correction Part 7000, et al.

(A) "EACH local correctional facility shall prepare and distribute to all prisoners, upon Admission, a written copy of facility rules and information. Such rules and information shall include, but is not limited to the following.

(1) Facility rules of conduct, penalties for violation, and disciplinary procedures: (also see Correctional law 10B, Section 138, et al)

(7) lock-in and lock-out times, wake-up and lights out times.

(11) visitation rules and schedules

(15) grievance procedures

(17) the availability of legal reference materials and supplies, including a specific reference to the availability of rules and regulations of the state State Commission of Corrections."

Rules books are not given out upon the admission to the facility, nor are they posted. DETAINEES are made to sign for rule books but are not given one.

CORPORAL PUNISHMENT

Title 9 NYCRR 7006 states the following: "In order to promote the safety, security, and welfare of all inmates and staff within local correctional facilities, the chief administrative officer of each facility shall establish and maintain a system of inmate discipline designed to set standards of appropriate behavior, encourage self control and punish misbehavior fairly impartially and consistently (see Correction law 10B, Section 139, et al.)

Part 7006.3 states the following:

Rules of inmate conduct.

A) THE chief administrative officer of each

REGULATIONS GOVERNING INMATE BEHAVIOR.
(c) EACH INMATE SHALL BE PROVIDED WITH A COPY OF
THE RULES OF INMATE CONDUCT UPON ADMISSION TO THE
FACILITY, AND A COPY SHALL ALSO BE MAINTAINED IN THE
FACILITY LAW LIBRARY (SEE CORRECTION LAW 10B 139. et al)
This is NOT being DONE AT G.R.V.C AND OTHER FACILITIE
DETAINEES ARE being made to SIGN FOR A RULE BOOK bu
ONE IS NEVER GIVEN to them. Section 7006.4 Misbehavio
REPORTS (A) STATES: WHEN A staff member has A REASON
Able belief that AN inmate has committed on OFFENSE
that CONSTITUES A VIOLATION OF THE facility RULES OF
INMATE CONDUCT, AND such VILATION is NOT informally
RESOLVED, SUCH STAFF MEMBER SHALL PREPARE A written
misbehaviOR;
       (H) EACH misbehaviOR REPORT SHALL include,
(1) the NAME(S) OF THE inmate(S) charged with the MISCOND.
(2) the date, time AND PLACE OF OCCURENCE
(3) A discription OF THE incident OR behavior involved an.
the RULE(S) ALLEGEDLY violated;
(4) the date AND time the REPORT is written;
5) the REPORTING staff member's printed name AND signature
This section CLEARLY spells out that CORPORAL PUNISHMENT
is not ALLOWED AND that punishment is based upon AN
individuals own actions. Thus, this department must force
to stop this unethical practise of CORPORAL PUNISHMENT.



THE CITY OF NEW YORK OFFICE OF THE COMPTROLLER
1 CENTRE STREET, NEW YORK, N.Y. 10007-2341

WILLIAM C. THOMPSON, JR.
COMPTROLLER

00A-214

Date:            04/30/2007
RE:              Claim Status Letter
Claim Number:    2007PD004937
Occur Date:      01/07/2007

ANDRE FULLER 2410516412
09-09 HAZEN ST
E ELMHURST, NY 11370

Dear ANDRE FULLER 2410516412:

Your claim for damages is still under investigation.  Please accept our apology for the delay, but a portion of the information required to complete our investigation must be obtained from other City agencies.  At this time, we are awaiting receipt of reports from the agency or agencies involved in your claim.

Please be assured that every effort will be made to obtain these reports. and as soon as they are received, we will promptly notify you of our decision.

If your claim is not adjusted and you wish to pursue your claim against the City, you may bring a lawsuit against the City if it is started within one year and ninety days from the date of occurrence.

Very truly yours,

THOMAS ORAWIEC
Bureau of Law and Adjustment

PROPERTY DAMAGE DIVISION
(212) 669-8750

## RIOT (Inciting)

**GRADE I:**    121.12    Inmates must not encourage or in any way persuade other inmates to take any action in order to take over any area of the facility, or to behave violently.

## SEX OFFENSES

**GRADE I:**    122.10    Non-Consensual Sexual Activity: Inmates must not force or in any way coerce another person to engage in Sexual Activities. An attempt to force or otherwise coerce another person to engage in Sexual Activity is a GRADE I OFFENSE.

**GRADE II:**    122.11    Consensual Sexual Activity: Inmates must not voluntarily engage in Sexual Activity with others.

**GRADE III:**    122.12    Soliciting Sexual Activity: Inmates must not request, solicit or otherwise encourage others to engage in Sexual Activity.

**GRADE III:**    122.13    Indecent Exposure: Inmates must not expose the private parts of their bodies in a lewd manner.

## SMUGGLING

Inmates by their own actions or acting in concert with others must not smuggle contraband into or out of the facility. The penalties for smuggling each type of contraband are listed below:

**GRADE I:**    123.10    Weapons, Drugs, Alcohol or Escape Paraphernalia: An attempt to smuggle any of these types of contraband is a GRADE I OFFENSE.

**GRADE III:**    123.11    All other type of contraband.

## STEALING

Inmates must not steal other inmate's property or institutional property. The Grade of offense you can be charged with depends on the value of the property.

**GRADE I:**    124.10    Stealing property with a value over $75.

**GRADE II:**    124.11    Stealing property with a value between $25.00 and $75.00.

**GRADE III:**    124.12    Stealing property with a value under $25.00.

## PURCHASE, SALE OR EXCHANGE
## OF SERVICES OR PROPERTY

**GRADE III:   119.10**    Inmates must not sell, buy or exchange services or personal property with any other inmate without permission.

## REFUSAL TO OBEY A DIRECT ORDER

**GRADE II:**    Inmates must comply quickly and fully with any direct order from any staff member without argument.

Inmates must not refuse direct orders:

| | |
|---|---|
| **120.10** | To stop fighting |
| **120.11** | To be frisked |
| **120.12** | To have a cell searched |
| **120.13** | To be locked-in/locked-out |
| **120.14** | To disperse an unauthorized assembly |
| **120.15** | To identify oneself |
| **120.16** | To go to court |
| **120.17** | To cooperate in admission procedures |
| **120.18** | When outside the facility |
| **120.19** | In an emergency situation |

**GRADE III:   120.20**    In all other cases inmates who refuse direct orders will be charged with a GRADE III OFFENSE.

**GRADE III:   120.21**    MALINGERING: Failure to obey a direct order from any staff member quickly and fully is malingering.

## RIOTING

**GRADE I:    121.10**    Inmates must not take any action with intention of taking over any area of the facility. Inmates in groups must not behave violently or use threats of violence against any person or property.

## RIOT CONSPIRACY

## TAMPERING WITH DOCUMENTS

**GRADE II:**    **125.10**    Inmates must not destroy, tamper with, change, counterfeit, or give other inmates any institutional documents, passes or I.D. Cards.

**GRADE II:**    **125.11**    Forgery: Inmates must not forge staff or inmate signatures on any documents institutional or otherwise.

## DESTRUCTION OF CITY PROPERTY

**GRADE I:**    **126.10**    Inmates must not tamper with, or destroy, or sabotage any security related devices or equipment. An attempt to tamper with, destroy, or sabotage any security related devices or equipment is a GRADE I OFFENSE.

## THREATS

**GRADE I:**    **127.10**    Inmates must not make any threat, spoken, in writing or by gesture, against any staff member.

**GRADE II:**    **127.11**    Inmates must not make any threat, spoken, in writing or by gesture, against any person.

## UNAUTHORIZED ASSEMBLY

**GRADE I:**    **128.10**    Inmates must not gather in unauthorized groups anywhere in the facility. The size of the group is determined by local rule.

§ 120.07

aided by two or more other persons actually present, he
serious physical injury to such person or to a third person.

Gang assault in the first degree is a class B felony.
(Added L.1996, c. 647, § 2.)

**Historical and Statutory Notes**
Effective Date. Section effective Nov.
1, 1996, pursuant to L.1996, c. 647, § 3.

**Practice Commentary**
by William C. Donnino
See Practice Commentary at the beginning of Article 120.

§ 120.08 Assault on a peace officer, police officer, fireman or
emergency medical services professional

A person is guilty of assault on a peace officer, police officer,
fireman or emergency medical services professional when, with
intent to prevent a peace officer, police officer, a fireman, including a
fireman acting as a paramedic or emergency medical technician
administering first aid in the course of performance of duty as
such fireman, or an emergency medical service paramedic or emergency
medical service technician, from performing a lawful duty, he causes
serious physical injury to such peace officer, police officer, fireman or emergency
medical services professional.

Assault on a peace officer, police officer, fireman or emergency
medical services professional is a class C felony.
(Added L.1996, c. 632, § 2.)

**Historical and Statutory Notes**
Effective Date. Section effective Nov.
1, 1996, pursuant to L.1996, c. 632, § 3.

**Practice Commentary**
by William C. Donnino
See Practice Commentary at the beginning of Article 120.

184

---

PENAL LAW
Art.

ASSAULT
3

Notes of Decisions

§ 120.10 Assault in the first degree

A person is guilty of assault in the first degree when:

1. With intent to cause serious physical injury to another
person, he causes such injury to such person or to a third person
by means of a deadly weapon or a dangerous instrument; or

2. With intent to disfigure another person seriously and permanently,
or to destroy, amputate or disable permanently a
member or organ of his body, he causes such injury to such person
or to a third person; or

3. Under circumstances evincing a depraved indifference to
human life, he recklessly engages in conduct which creates a grave
risk of death to another person, and thereby causes serious physical
injury to another person; or

4. In the course of and in furtherance of the commission or
attempted commission of a felony or of immediate flight therefrom,
he, or another participant if there be any, causes serious physical
injury to a person other than one of the participants.

Assault in the first degree is a class B felony.

**Historical and Statutory Notes**

185

**Practice Commentary**
by William C. Donnino
See Practice Commentary at the beginning of Article 120.

## ARTICLE 2—PEACE OFFICERS

§ 2.05  Persons designated as peace officers

§ 2.10  Powers of peace officers

§ 2.15  Enforcement of certain officers; powers

Training requirements for peace officers

**Library References**

33 NY Jur 2d, Criminal Law § 1675.

### § 2.10  Persons designated as peace officers

§ 1.20

**SHORT TITLE; APPLICATION**

**Title A**

Case 1:07-cv-05817-LAK-RLE    Document 15    Filed 03/14/2008    Page 27 of 29

§ 2.10

SHORT TITLE; APPLICATION
Title A

2

PEACE OFFICERS

tions, simplified parks informations and simplified environmental conservation informations, within the respective counties of Oneida, Oswego and Cayuga.

12. Special policemen designated by the commissioner and the directors of in-patient facilities in the office of mental health, pursuant to section 7.25 of the mental hygiene law, said special policemen designated by the commissioner and the directors of facilities under his jurisdiction pursuant to section 13.25 of the mental hygiene law, and by the commissioner and the directors of developmental disabilities pursuant to section 13.25 of the mental hygiene law; provided, however, that nothing in this subdivision shall be deemed to authorize such officers to carry, possess, repair or dispose of a firearm unless the appropriate license therefor has been issued pursuant to section 400.00 of the penal law.

Persons designated as special policemen by the director of a hospital in the department of health pursuant to section four hundred fifty-five of the public health law; provided, however, that nothing in this subdivision shall be deemed to authorize such officer to carry, possess, repair or dispose of a firearm unless the appropriate license therefor has been issued pursuant to section 400.00 of the penal law.

[14. Repealed.]

15. Uniformed enforcement forces of the New York state thruway authority, when acting pursuant to subdivision two of section three hundred sixty-one of the public authorities law; provided, however, that nothing in this subdivision shall be deemed to authorize such officer to carry, possess, repair or dispose of a firearm unless the appropriate license therefor has been issued pursuant to section 400.00 of the penal law.

16. Employees of the department of health designated pursuant to section thirty-three hundred eighty-five of the public health law; provided, however, that nothing in this subdivision shall be deemed to authorize such officer to carry, possess, repair or dispose of a firearm unless the appropriate license therefor has been issued pursuant to section 400.00 of the penal law.

17. Uniformed housing guards of the Buffalo municipal housing authority.

18. Bay constable of the city of Rye, the villages of Mamaroneck, South Nyack and the towns of East Hampton, Hempstead, Oyster Bay, Riverhead, Southold, Islip, Shelter Island, Brookhaven, Babylon, Smithtown, Huntington, North Hempstead; provided, however, that nothing in this subdivision shall be deemed to authorize the bay constables in the city of Rye, the village of South Nyack or the towns of Brookhaven, Baby-

50

19. Harbor masters appointed by a county, city, town or village; provided, however, that nothing in this subdivision shall be deemed to authorize such officer to carry, possess, repair or dispose of a firearm unless the appropriate license therefor has been issued pursuant to section 400.00 of the penal law.

20. Bridge and tunnel officers, sergeants and lieutenants of the Triborough bridge and tunnel authority.

21-a. Uniformed court officers of the unified court system.

b. Court clerks of the unified court system in the first and second departments.

c. Marshals, deputy marshals, clerks or uniformed court officers of the district court.

d. [additional text illegible]

e. Uniformed court officers of the city of Mount Vernon.

f. Uniformed court officers of the city of Jamestown.

22. Parole officers appointed by the Lake George park commission; provided, however, that nothing in this subdivision shall be deemed to authorize such officer to carry, possess, repair or dispose of a firearm unless the appropriate license therefor has been issued pursuant to section 400.00 of the penal law.

23. Parole officers or warrant officers in the division of parole.

23-a. Parole revocation specialists in the division of parole; provided, however, that nothing in this subdivision shall be deemed to authorize such employee to carry, possess, repair or dispose of a firearm unless the appropriate license therefor has been issued pursuant to section 400.00 of the penal law.

24. Probation officers.

25. Officials, as designated by the commissioner of the department of correctional services, and correction officers of any state correctional facility or penal correctional institution.

26. Peace officers designated pursuant to the provisions of the New York state uniform fire emergency act as set forth in chapter

51

§ 2.10

SHORT TITLE; APPLICATION
Title A

PEACE OFFICERS
Art. 2

**4. Constables**

**5. Village police**

**6. Tax investigators**

**7. Revenue agents**

**8. Animal protection**

**9. Park patrols**

**10. Mental health facilities**

**11. Parole officers**

**12. Probation officers**

**13. Corrections officers or officials**

**14. Correction services employees**

**15. Auxiliary police**

**16. Racetrack security guards**

**17. Fire commissioners**

**18. Environmental conservation officers**

**19. County clerks**

74

75

## DECLARATION OF SERVICE

**KATHERINE E. SMITH** declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct: On March 14, 2008, I caused to be served the annexed **ANSWER TO AMENDED COMPLAINT** upon the following *pro se* plaintiff herein, by depositing a copy of same, enclosed in a first class, postpaid properly addressed wrapper in a post office/official depository located at 100 Church Street, in the Borough of Manhattan, City of New York, directed to *pro se* plaintiff at the address set forth below, being plaintiff's home address:

Andre Fuller (#07-A-3236)
Fishkill Correctional Facility
Box 1245
Beacon, New York 12508

Dated:          New York, New York
                March 14, 2008

                                         _____
                                         Katherine E. Smith